By the Court.—Monell, Ch. J.
The stipulation made by the attorneys, in terms, applied to the trial of the actions only. After verdict separate judgments were to be entered, and thereafter separate proceedings were to be had. Accordingly, separate appeals were taken to the general term, where separate judgments of affirmance were entered.
There is nothing, therefore, in the expressed terms of the stipulation—the office and effect of which was spent with the verdict—which can add force to the plaintiff’s motion.
These motions are addressed to the sound discretion of the court. They can not be claimed as a right.
One of the grounds upon which the motion is sometimes granted is, that since the decision, the court of appeals has decided adversely to this court, the precise question involved. In such a case the court, in the exercise of its discretion, will save the party the labor and expense of going to the higher court to correct what we must in that case assume to have been an error of this court.
Thus in Hayner v. American Popular Life Insurance Co. (36 Superior Ct. R. 211), having followed and *172 relied on a case which was reversed by the court of appeals, this court granted a re-argument, on the ground that that decision should be regarded as stare decisis. In that case, however, no judgment or order had been entered in this court, the decision having been merely announced; and besides the decision of the court of appeals had actually been made, although not known, at the time of the argument of the appeal in this court.
In the Hayner case, the court had before it the opinion of the court of appeals in the other case, and was able to see the grounds of the decision; and they found them to cover all the questions in the case in this court.
In the case before us we have not been furnished with any opinion of the appellate court. Indeed, it is stated that no opinion was filed or written. Hor are we apprised of the ground or grounds upon which, that court has placed its decision. It may have been upon a purely technical ground, not disturbing the general law of the case, as determined by this court, and not affecting the real merits of the controversy, or it may even have been a reversal by the default of the party.
We have merely the fact, that one of three cases, involving the same facts, and of course dependent upon the same law, has been reversed by the court of appeals. But we are not bound to assume that the mere reversal of a judgment of this court necessarily reverses all the law of another case, as announced in the opinion of this court. It is doubtless the law of the case decided in the court of appeals; but so are the decisions in the other cases by this court the law of such cases, until they, or the principles involved in them and decided, are reversed in the same or some other case by the higher court.
What will occur upon a re-argument \ This court *173 will be asked to reverse its former decision, for the mere reason that the appellate court had in one of the cases reversed the judgment of this court, and as the three cases are identical in facts and law, the two remaining •cases should suffer the fate of the one. But I think this court will require something more than a bare reversal of its judgments without the assignment of any reason therefor, to feel bound to recede from its own'views of the law. If reasons had been assigned by the higher court, and they showed that the law of this •court has been disturbed and reversed, we must and would regard the decision as authoritatively binding upon us. But if no reasons are given, this court would •have a perfect right to adhere to its own opinions of the law, and the mere reversal by the appellate court, would and could have no influence upon it.
In the re-trial of the case reversed, what guide will the trial judge have ? The grounds of the reversal are not known, and the supposed or conjectured errors of the former trial are not pointed out. I see no other .guide, then, than the decision of this court, where the law of the case remains.
It is something, perhaps, of a hardship that the law •of 1874, .disallowing appeals when the judgment is less than five hundred dollars, has prevented the defendant from obtaining a reversal of the two other judgments. But that law was enacted for a proper purpose, and its effect upon the defendant in those cases, is the common effect it was intended to have upon all similar cases. The defendant is no exception, and this court to which he applied-for permission to appeal, evidently thought he had no substantial grounds therefor.
But we think the spirit and intent of the stipulation was, substantially, that the untried actions should abide the event of the one which was tried, and that the court, so far as it can properly do so, should, assist *174 the defendants in those actions in obtaining the benefit of the decision of the higher court, in the case which has been there decided.
We think, therefore, that they should be permitted to re argue their respective appeals, and if upon such re-argument they can satisfy the court, either by furnishing the reasons for. the court of appeals decision, or in any other manner, that its former decision has been reversed, or was incorrect, they will get the benefit, which we think, under their stipulation, they are fairly entitled to.
This will leave the question where it should be, with the court upon a re-argument of the appeals, when possibly more light may be furnished, than is given us on this motion.
Motions granted, but without costs.
Sedgwick, J., concurred.